**WO** MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Jason Lee Cepeda,  )  No. CV 07-2551-PHX-MHM (MEA)
                   )
    Plaintiff,   )  **ORDER**
                   )
vs.                )
                   )
Superior Court, et al., )
                   )
    Defendants.  )
_____)

**I.     Background**

On December 20, 2007, Plaintiff Jason Lee Cepeda, who is confined in the Arizona State Prison Complex-Lewis in Buckeye, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a January 9, 2008 Order, the Court denied the Application to Proceed because it was incomplete. The Court gave Plaintiff 30 days to file a complete Application to Proceed.

On January 18, 2008, Plaintiff filed a second Application to Proceed *In Forma Pauperis*. In a January 28, 2008 Order, the Court granted the second Application to Proceed and dismissed the Complaint for failure to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On February 7, 2008, Plaintiff filed a First Amended Complaint. In a March 19, 2008 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to allege a proper jurisdictional basis for the lawsuit. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On April 11, 2008, Plaintiff filed a Second Amended Complaint (Doc. #11). The Court will dismiss the Second Amended Complaint without leave to amend.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

## III.  Second Amended Complaint

In his two-count Second Amended Complaint, Plaintiff sues Defendants Cactus Police Department and Maricopa County Sheriff Joseph M. Arpaio.

In Count One, Plaintiff claims he was "housed as a maximum inmate wrongfully." He alleges: "On August 30[,] 2005[,] I was arrested on a false charge of theft of means[.] I was then transported to the 4th Ave Jail[,] booked[,] and housed as a maximum inmate[,] where I was then assaulted by other maximum inmates." In Count Two, Plaintiff contends that he was falsely imprisoned because he "was falsely accused of committing the crime of theft of means by the officers of the Cactus Police Department." He states that he told the officer that he did not commit the crime and "even gave them the name of the person who did do the crime." He claims the officers "dismissed [his] confession and still arrested [him]."

In his Request for Relief, Plaintiff seeks monetary compensation.

## IV.  Failure to State a Claim

Section 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the United States Constitution and federal law. 42

1  U.S.C. § 1983; see also Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995).
2  Plaintiff has failed to state a claim because he has failed to allege any constitutional or
3  federal-law violations.
4      In addition, to state a valid claim under § 1983, plaintiffs must allege that they
5  suffered a specific injury as a result of specific conduct of a defendant and show an
6  affirmative link between the injury and the conduct of that defendant. See Rizzo v. Goode,
7  423 U.S. 362, 371-72, 377 (1976). To state a claim against a supervisory official, the civil
8  rights complainant must allege that the supervisory official personally participated in the
9  constitutional deprivation or that the supervisory official was aware of widespread abuses
10 and, with deliberate indifference to the inmate's constitutional rights, failed to take action to
11 prevent further misconduct. See Ortez v. Washington County, 88 F.3d 804, 809 (9th Cir.
12 1996); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); King v. Atiyeh, 814 F.2d 565,
13 568 (9th Cir. 1987); see also Monell v. New York City Department of Social Services, 436
14 U.S. 658, 691-92 (1978). There is no *respondeat superior* liability under § 1983, and
15 therefore, a defendant's position as the supervisor of persons who allegedly violated
16 Plaintiff's constitutional rights does not impose liability. Monell, 436 U.S. at 691-92; Taylor,
17 880 F.2d at 1045.
18     Plaintiff does not allege that Defendant Arpaio or Defendant Cactus Police
19 Department personally participated in a constitutional deprivation or that they were aware
20 of widespread abuses and, with deliberate indifference to Plaintiff's constitutional rights,
21 failed to take action to prevent further misconduct, or that they formed policies that resulted
22 in Plaintiff's injuries. Thus, Plaintiff has failed to state a claim against Defendants Arpaio
23 and Cactus Police Department.
24     Because Plaintiff has failed to allege any constitutional or federal-law violations and
25 has failed to state a claim against Defendants Arpaio and Cactus Police Department, the
26 Court will dismiss the Second Amended Complaint.
27 . . . .
28 . . . .

1 **V.     Dismissal without Leave to Amend**

2     The Court will dismiss Plaintiff's Second Amended Complaint without leave to
3 amend.  "Leave to amend need not be given if a complaint, as amended, is subject to
4 dismissal." Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989). The
5 Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously
6 been permitted to amend his complaint. Sisseton-Wahpeton Sioux Tribe v. United States,
7 90 F.3d 351, 355 (9th Cir. 1996).  Repeated failure to cure deficiencies is one of the factors
8 to be considered in deciding whether justice requires granting leave to amend. Moore, 885
9 F.2d at 538.

10     Plaintiff has made three efforts at crafting a viable complaint and appears unable to
11 do so despite specific instructions from the Court.  Further opportunities would be futile.
12 Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint
13 without leave to amend.

14  **IT IS ORDERED:**

15     (1)     Plaintiff's Second Amended Complaint (Doc. #11) is **dismissed** for failure to
16 state a claim, and the Clerk of Court must enter judgment accordingly.

17     (2)     The Clerk of Court must make an entry on the docket stating that the dismissal
18 for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).

19     DATED this 24th day of April, 2008.

_____
Mary H. Murguia
United States District Judge